IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| DAVID STEVEN BRAUN, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | CV 16-40-BU-BMM-JCL <br><br> ORDER, and FINDINGS AND RECOMMENDATION |

Before the Court are: (1) Plaintiff David Braun's Fed. R. Civ. P. 56 motion for summary judgment, and (2) Defendant Federal Bureau of Investigation's (FBI) cross motion for summary judgment under Rule 56. For the reasons discussed, the Court recommends the FBI's motion be granted, and this action be dismissed.

**I.   Background**

Braun, appearing pro se, commenced this action against the FBI asserting claims under the Privacy Act of 1974, 5 U.S.C. §§ 552a *et seq*. He seeks to obtain information and documents in the FBI's possession concerning unspecified investigations. Specifically, by letter dated May 21, 2015, Braun requested "all records off [sic] investigations generated buy [sic] contacts with the FBI over the

1

years." (Doc. 2-1 at 1.) In his letter, Braun referenced his prior requests for records, and requested that the FBI update its search of pertinent records for new documents.

On January 29, 2016, the FBI identified 119 pages of documents that it reviewed in response to Braun's request, and it released 88 pages of those documents. In withholding the remainder of the documents, the FBI identified various legal exemptions for not producing those documents.

Braun appealed the FBI's decision to withhold various documents. Ultimately, the Department of Justice's Office of Information Policy affirmed the FBI's decision.

On September 7, 2016, the FBI disclosed additional documents to Braun in response to his request. As a result, the FBI decided to release a total of 108 pages of the original 119 pages it reviewed. In its September 7, 2016 letter the FBI again identified various provisions of law justifying its decision to withhold or redact certain information and documents. (Doc. 40-8.)

The FBI moves for summary judgment dismissing this action on the ground that it has produced to Braun all the documents to which Braun is entitled to receive under both the Privacy Act and the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). For the reasons discussed, the Court agrees the FBI has satisfied its

disclosure obligations.

## II. Applicable Law - Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

When presented with cross-motions for summary judgment on the same matters, the court must "evaluate each motion separately, giving the non-moving party the benefit of all reasonable inferences." *American Civil Liberties Union of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

Finally, because Braun is proceeding pro se the Court must construe his documents liberally and give them "the benefit of any doubt" with respect to the FBI's summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

## III. Discussion

The FBI believes the records responsive to Braun's request are documents

"compiled in the course of the FBI's investigation of [Braun's] possible involvement with threats against judges, law enforcement and U.S. Postal Service workers." (Doc. 38 at 2.) But in its summary judgment motion the FBI argues it has complied with its obligations to produce the information and documents as imposed under the Privacy Act and FOIA. Specifically, it argues (1) Braun has no viable claim for relief under the Privacy Act, and (2) the legal exemptions set forth in FOIA support its decision to withhold several documents from disclosure to Braun.

Braun's summary judgment motion asserts the FBI has unlawfully withheld or redacted information and documents. He argues generally, and without evidentiary support, that he is entitled to summary judgment requiring the FBI to produce all of the documents to him.

### A. Privacy Act

In general, the purpose of the Privacy Act is "to 'protect the privacy of individuals' through regulation of the 'collection, maintenance, use, and dissemination of information' by federal agencies." *Rouse v. United States Department of State*, 567 F.3d 408, 413 (9th Cir. 2009) (citation omitted). The Privacy Act permits individuals to pursue civil remedies against a federal agency in limited circumstances to enforce the agency's compliance with the requirements

of the Act. *Id.* One available remedy is a legal action under authority of 5 U.S.C. §§ 552a(d)(1) and 552a(g)(1)(B) to gain access to information maintained by an agency. *Id*. at 413-414.

The Privacy Act, however, imposes limitations on, or exemptions from, an agency's obligation to produce documents. Specifically, the Privacy Act exempts from disclosure specifically identified records maintained by an agency "which performs as its principal function any activity pertaining to the enforcement of criminal laws[,]" and the statute permits agencies to promulgate regulations pertaining to the exempt records. 5 U.S.C. § 552a(j)(2). The Department of Justice, within which the FBI operates, has exempted from disclosure law enforcement investigative records maintained in the Central Records System. 28 C.F.R. § 16.96(a)(1).

The FBI submitted the declaration of David Hardy, a Section Chief responsible for maintaining FBI records. Hardy asserts the specific records the FBI withheld from production from Braun were criminal investigation documents maintained in the Central Records System and, therefore, are exempt from production under the Privacy Act and 28 C.F.R. § 16.96(a)(1). (Dec. 40 at ¶¶ 26-27.)

In response to the FBI's motion, Braun has not identified or presented any

evidentiary material suggesting the records the FBI withheld were not maintained in the Central Records System and are not exempt from production under 5 U.S.C. § 552a(j)(2) and 28 C.F.R. § 16.96(a)(1). Therefore, Braun's summary judgment motion should be denied, and the FBI is entitled to summary judgment on Braun's Privacy Act claim.

The FBI represents, however, that because the records Braun requested were exempt from disclosure under the Privacy Act, the FBI proceeded to consider Braun's request under FOIA to achieve the maximum disclosure of documents to Braun. (Doc. 40 at ¶ 27.) Therefore, the Court will consider the propriety of the FBI's conduct in withholding documents under FOIA.

### B. Freedom of Information Act

FOIA requires federal agencies to disclose public information upon a citizen's request unless the information falls within exemptions from disclosure identified in 5 U.S.C. § 552(b). 5 U.S.C. § 552(a)(1), (2) and (3); *Oregon Natural Desert Association v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009). Where an agency refuses to produce requested information FOIA permits an aggrieved party to file a civil action in federal district court requesting the court order the agency to produce the information. 5 U.S.C. 552(a)(4)(B).

In response to a FOIA request the responding agency must demonstrate it

conducted a search of its records that was reasonably calculated to uncover all relevant documents. *Zemansky v. United States Environmental Protection Agency*, 767 F.2d 569, 571 (9th Cir. 1985). In his declaration David Hardy thoroughly describes the FBI's records systems, the way in which they can be searched, and the conduct of its search in response to Braun's request. (Doc. 40 at ¶¶ 14-24.

Braun does not materially challenge the reasonableness of the manner and scope of the FBI's search for documents that are responsive to Braun's request. Therefore, based on Hardy's declaration, the Court finds the FBI's search was reasonably calculated to locate all responsive documents, and was adequate under the law.

FOIA identifies numerous categories of documents which are expressly exempt from the disclosure requirements under FOIA. Those categories are listed in 5 U.S.C. § 552(b)(1) - (9).

In responding to a FOIA request and deciding to withhold documents from production, an agency bears the burden of demonstrating that any withheld documents fall within one of the express exemptions. 5 U.S.C. § 552(a)(4)(B). The federal courts may rely upon an affidavit submitted from an agency employee if the affidavit sufficiently describes the documents and the facts which support the decision to withhold certain documents pursuant to a particular FOIA

7

exemption. *Lane v. Department of the Interior*, 523 F.3d 1128, 1135-36 (9th Cir. 2008).

Hardy's declaration details the various grounds on which the FBI relied to withhold certain documents from production to Braun. The specific exemptions applicable in this case are discussed separately.

### 1. **Exemption - Information Protected by Statute**

FOIA specifically exempts from disclosure matters that are exempted from disclosure by statute if (1) the non-disclosure is not discretionary, or if the statute establishes particular criteria for withholding information or refers to particular types of matters to be withheld, and (2) the statute cites to section 552 if the statute was enacted after FOIA. 5 U.S.C. § 552(b)(3).

Federal law requires the maintenance of certain financial reports and records that "have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism." 31 U.S.C. § 5311. Those reports and records, however, "are exempt from disclosure under section 552 of Title 5[.]" 31 U.S.C. § 5319. *See also* 31 C.F.R. § 1010.960.

Hardy's declaration identifies investigative financial records and reports compiled as required under 31 U.S.C. § 5311 that were responsive to Braun's

request. (Doc. 40 at ¶¶ 32-37.) The FBI, therefore, asserts those specific pages were lawfully withheld from production under 5 U.S.C. § 552(b)(3) and 31 U.S.C. § 5319.

Braun does not identify or present any evidentiary material which suggests the documents Hardy identifies were unlawfully withheld under the referenced statutory exemptions - sections 552(b)(3) and 5319. Therefore, Braun's summary judgment motion should be denied, and the FBI's motion should be granted with respect to documents withheld from production under authority of 5 U.S.C. § 552(b)(3) and 31 U.S.C. § 5319.

### 2. Exemption - Unwarranted Invasion of Personal Privacy

FOIA exempts from production certain documents the disclosure of which could inflict the unwarranted invasion of personal privacy. Specifically, FOIA exempts (1) matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[,]" and (2) matters that are "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information [...] could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6) and (7)(C). The "similar files" referenced in section 552(b)(6) is broadly construed to include

9

names, addresses, and other identifying information about federal employees. *Forest Service Employees for Environmental Ethics v. United States Forest Service*, 524 F.3d 1021, 1024 (9th Cir. 2008). And subsection (7)(C) is even more protective of privacy than subsection (6). *United States Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 496 n.6 (1994). Together the exemptions protect private information about government employees and private third parties such as suspects and witnesses. *See McAtee v. United States Department of Homeland Security*, Cause No: CV 15-48-M-DWM (D. Mont. 2016) (doc. 34 at 13-14).

In considering whether an invasion of personal privacy is unwarranted, the courts balance that invasion against the public interest in disclosure. *Forest Service Employees for Environmental Ethics*, 524 F.3d at 1024. The public interest at issue is the disclosure of information that would "contribute significantly to public understanding of the operations or activities of the government." *Id*. at 1025 (quotations and citations omitted). And the motivation of the party seeking the disclosure is irrelevant to the issue of whether the invasion of privacy is warranted. *Id*.

Hardy's declaration asserts that certain records the FBI withheld were records compiled for law enforcement purposes. (Doc. 40 at ¶¶ 38-39.) Hardy

further asserts the information withheld included: (1) the names of FBI special agents and FBI support employees involved in the investigative records Braun requested (*id*. at ¶¶ 42-43); (2) the names of local law enforcement personnel who acted in their official capacities aiding the FBI in its law enforcement investigative activities (*id*. at ¶ 44); (3) the names of private third parties identified in the records, e.g. individuals who had come into contact with the subject of the FBI's law enforcement investigations (*id*. at ¶ 45); and (4) the name and address information of victims of the subject of the FBI's investigations (*id*. at ¶ 46).

With respect to each of the four categories of personal identifying information that the FBI withheld, Hardy describes the factors the FBI considered in balancing the privacy interests against the public's interest in disclosure of the information. In each category the FBI concluded that either there existed no public interest served by the disclosure, or that the disclosure would not serve the public interest because it would not further the public's understanding of the operations or activities of the government. (Doc. 40 at ¶¶ 42-46.)

In response to the FBI's motion Braun has not identified or presented any evidentiary material suggesting the withheld names and personal identifying matters do not fall within the exemption categories described in 5 U.S.C. § 552(b)(6) and (7)(C). Therefore, the Court concludes the FBI lawfully withheld

the specific information it identifies as exempt under FOIA.

And the Court agrees the public interest in disclosure of the specific names does not outweigh the privacy interests protected. The Court finds that the invasion of privacy that would be inflicted by the FBI's disclosure of the documents it withheld is unwarranted. Therefore, the Court concludes Braun's summary judgment motion should be denied in this respect, and the FBI's motion should be granted.

### 3. Exemption – Law Enforcement Techniques and Guidelines

FOIA exempts from its disclosure requirements any information and documents that disclose law enforcement techniques and guidelines. Specifically, it exempts matters that are:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information [...] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]

5 U.S.C. § 552(b)(7)(E). This exemption pertains to the "specific means" employed by law enforcement for conducting investigations which are not generally known to the public. *Hamdan v. United States Department of Justice*, 797 F.3d 759, 777-778 (9th Cir. 2015). A law enforcement agency need only establish that disclosure of certain details "would compromise the very techniques

the government is trying to keep secret[.]" *Id*. at 778.

Here, Hardy's declaration explains that the types and dates of investigations conducted by the FBI, given the context of the actual investigations it conducted, would disclose whether an investigation was a "preliminary" or a "full" investigation. (Doc. 40 at ¶ 48.) It explains that the disclosure of the types and dates of investigations would allow individuals to know what activities would trigger which type of investigation – preliminary or full – and would enable individuals to adjust their behavior accordingly. (*Id*.) The disclosure would impede the FBI's investigations as it would disclose techniques it is trying to keep secret, and it would aid criminals in circumventing of the law. (*Id*.)

Hardy also states the FBI withheld database search results from a database that is not well-known to the public. (Doc. 40 at ¶ 49.) This information would disclose to criminals the tools and resources available to the FBI in its criminal investigations, and would disclose the source of the FBI's data and information. (*Id*.) Hardy asserts the disclosure of the information regarding its database would disclose the very information it seeks to keep secret, would impede the effectiveness of the FBI's investigations, and would aid criminals in avoiding detection and circumventing the law. (*Id*.)

Next, Hardy states the FBI withheld sensitive FBI case file numbers. The

13

FBI employs a file number system which identifies the file classification, the office of origin – the geographic location in which the investigation was initiated, and the unique case number. (Doc. 40 at ¶ 50.) A criminal could use the information revealed by the file numbers to gain insight into the FBI's capabilities and to relocate his or her criminal activities based on the geographic pattern of the FBI's investigations in order to avoid investigation and detection by the FBI. (*Id.*) Disclosure of the file number information would release specific information the FBI seeks to maintain as secret. (*Id.*)

Hardy states the FBI also withheld information disclosing the investigative focus of its specific investigations. Disclosure of the specific investigative focus would enable criminals to modify their behavior to avoid associating with anything that is the focus of an investigation. It would enable criminals to avoid detection by the FBI and to circumvent the law. (Doc. 40 at ¶ 51.) The disclosure of an investigative focus would compromise the investigative techniques the FBI is attempting to keep secret.

Finally, Hardy states the FBI withheld the disclosure of its non-public intranet web address for its information technology systems. Disclosure of the internal web address would allow criminals access and opportunities for cyber attacks on the FBI's computer systems and would disrupt the FBI's investigations.

(Doc. 40 at ¶ 52.) The web address needs to be kept secret as disclosure of the address would aid criminals in circumventing the law and would interfere with the FBI's law enforcement activities.

In response to the FBI's summary judgment motion Braun does not identify or present any evidentiary material suggesting that the information, documents, and matters that the FBI withheld do not fall within the various FOIA exemptions asserted and established by the FBI and the Hardy declaration. Therefore, based on the FBI's presentation of facts, and the absence of any genuine issue of material fact identified by Braun, the Court concludes the referenced FOIA exemptions are applicable to the matters withheld by the FBI, and the FBI is not obligated to disclose those matters. Braun's summary judgment motion should be denied in this respect, and the FBI's summary judgment motion should be granted.

### 4. Disclosure of Segregated Matters

Once the FOIA exemptions are properly invoked and applied to withhold specific matters, the FBI must then disclose "[a]ny reasonably segregable portion of a record [...] after deletion of the [exempt] portions." *Pacific Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (quoting 5 U.S.C. § 552(b)). Hardy's declaration establishes that the FBI reasonably segregated the exempt matters from the those matters that were subject to disclosure, and sufficiently

disclosed all reasonably segregated materials that were not exempt under FOIA. (Doc. 40 at ¶ 53.)

### C. Motion to Leave to File Amended Complaint

Braun filed a motion requesting leave to file an amended complaint. He proposes to add the Office of Management and Budget (OMB) as a new defendant in this action, and he seeks to expose information in an unidentified database which is causing adverse effects in his life. Specifically, he contends the information in the database has been used by any and all agencies and employees with whom he has been in contact to cut off communications with him. In his proposed pleading Braun poses numerous questions about the propriety of the information in the database and the use to which that information has been put. (Doc. 43-1.)

Fed. R. Civ. P. 15(a)(2) permits a court to grant leave to amend a pleading and provides that "[t]he court should freely give leave when justice so requires." A district court, however, has discretion to deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th

Cir. 2009) (citations omitted).

The FBI opposes Braun's amended pleading on the basis that Braun has not asserted any jurisdictional grounds for his allegations against the OMB, and he has failed to state any cognizable claim for relief. For the reasons stated, the Court agrees Braun's proposed amendment is deficient.

A plaintiff's pleading must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff bears the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Braun's allegations in his amended pleading fail to establish the Court has original jurisdictional over his allegations against the OMB. He does not expressly allege the existence of federal question jurisdiction as required under 28 U.S.C. § 1331. And Braun's amended pleading is not predicated upon diversity of citizenship as permitted under 28 U.S.C. § 1332. Finally, although Braun names an agency of the United States which could provide grounds for jurisdiction as set

forth in 28 U.S.C. § 1346, Braun's allegations do not invoke any of the specific limited circumstances identified in section 1346 which provide the Court with jurisdiction over a claim against an agency of the United States.

In his reply brief, Braun argues that no further jurisdictional allegations and grounds are necessary for his claims against OMB. He asserts that since the Court already has jurisdiction over his Privacy Act and FOIA claims advanced against the FBI in this case he does not need to establish further original jurisdiction over his claims against OMB. Therefore, in substance, Braun argues the Court possesses supplemental jurisdiction over his related claims against OMB as permitted under 28 U.S.C. § 1367(a).

But even assuming the Court possesses supplemental jurisdiction over Braun's claims against OMB pursuant to section 1367(a), the Court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because the Court recommends dismissal of Braun's claims under the Privacy Act and FOIA – claims over which the Court has original jurisdiction – the Court declines to exercise supplemental jurisdiction over Braun's claims against the OMB.

Based on the foregoing, in the absence of any jurisdictional basis for

Braun's amended pleading, the amendment is futile. Therefore, the Court exercises its discretion to deny Braun leave to amend.

## IV. Conclusion

Based on the foregoing, the Court concludes Braun's claims under the Privacy Act lack merit, and that the FBI satisfied its obligations under FOIA. Therefore, IT IS RECOMMENDED that Braun's summary judgment motion be DENIED, the FBI's summary judgment motion be GRANTED, and this action be DISMISSED.

Further, IT IS ORDERED that Braun's motion for leave to amend is DENIED due to lack of jurisdiction and the resulting futility of the amendment.

Finally, Braun moves for a status update in this case and for guidance from the Court as to how he should proceed in this matter due, in part, to the pending summary judgment motions and upcoming pretrial deadlines. But the recommendation set forth herein provides Braun with a sufficient update as to the status of this case, and the Court cannot provide guidance or legal advice to Braun. Therefore, IT IS ORDERED that Braun's motion for status update and guidance is DENIED.

DATED this 28th day of December, 2016.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge